NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 16-2395

———————————

UNITED STATES OF AMERICA

v.

ANDRE EVANS,
                              Appellant

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-15-cr-00423-001)
District Judge: Honorable Harvey Bartle, III

———————————

Submitted Under Third Circuit LAR 34.1(a)
March 27, 2017

Before: AMBRO, VANASKIE, and RESTREPO, Circuit Judges

(Opinion filed: May 2, 2017)

———————————

OPINION[*]

———————————

AMBRO, Circuit Judge

        Andre Kairi Evans was driving a rented vehicle in Philadelphia with a suspended

driver's license.  After police officers determined that the license plate did not match the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

make or model of the vehicle, they attempted to stop him. In response, Evans sped away as the officers chased him. Although Evans ultimately crashed the car, the chase did not end there: he then fled afoot. During this next phase of the chase, the officers observed Evans dispose of what appeared to be a handgun. He eventually was apprehended, and police retrieved the firearm that had been in his possession.

Evans pled guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Under the Sentencing Guidelines, his recommended range was 140 to 175 months' imprisonment, but it was adjusted to 120 months because of the statutorily authorized maximum sentence. After considering the 18 U.S.C. § 3553(a) factors, the District Court sentenced him to 96 months.

On appeal, Evans raises for the first time that the District Court failed to consider the § 3553(a) factors as required by 18 U.S.C. § 3584(b) in determining whether the imposed sentence was to run consecutively or concurrently with an expected state court sentence for a separate parole violation. And, he argues, if the federal sentence were to run consecutively to the forthcoming state court sentence, it would be unreasonable and must be vacated. We disagree.

Because Evans's specific procedural challenge to his sentence is raised for the first time on appeal, we review the District Court's decision for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014). In doing so, we determine if he has demonstrated that there was: "(1) an error; (2) that is plain; and (3) that affected substantial rights." *United States v. Dobson*, 419 F.3d 231, 236 (3d Cir. 2005) (citation omitted). In such a case, relief may be granted "only if the error seriously affects the

2

fairness, integrity, or public reputation of the judicial proceedings." *Id.* (quotations and alterations omitted). Inasmuch as Evans also claims substantive unreasonableness of the sentence imposed, we review the District Court's decision for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

As to Evans's challenge that the District Court committed procedural error in failing to decide expressly whether his federal sentence was to run concurrently or consecutively with a separate state court sentence that, although anticipated, had not yet been imposed—no error exists. The crux of his argument is that the Court violated 18 U.S.C. § 3584(b), which provides that

> [t]he court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

The consideration of whether concurrent or consecutive sentences is warranted, however, is subject to § 3584(a), which provides that

> [i]f multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . .

Despite Evans's contention on appeal, the Supreme Court has made this statutory framework inapplicable to situations where a federal court sentences a defendant who is awaiting a state court sentence yet to be imposed. *Setser v. United States*, 566 U.S. 231, 234-35 (2012). Indeed, where "the state sentence is not imposed at the same time as the federal sentence, and the defendant was not already subject to that state sentence[,]" § 3584(a) cannot apply because the defendant is not "already subject to an undischarged

3

term of imprisonment" required to trigger the statute. *Id.* That is the case here, and the reasoning makes sense: there is no other existing sentence to which the federal sentence could possibly run concurrently *or* consecutively. Per the statute and the Supreme Court's interpretation of it—particularly in situations as is the one here—the District Court did not plainly err.[1]

Nor was the sentence here substantively unreasonable. Evans insists that if his federal sentence is to run consecutively with his anticipated state court sentence, which he predicts will be 16 months, his total sentence will be 112 months rather than the 96-month sentence imposed by the District Court. Even if that result occurred, there is nothing unreasonable about it. As an initial matter, the federal sentence imposed by the District Court is still 96 months regardless what the state court decides to impose for an entirely separate violation. But even so, the combined sentence is still well below the initial recommended Guidelines range (140 to 175 months) and the statutory maximum (120 months). As such, and given that the District Court properly considered all of the requisite §3553(a) factors, Evans's sentence is not substantively unreasonable. *See Rita v. United States*, 551 U.S. 338, 364-65 (2007).

Accordingly, we affirm.

---

[1] Evans also argues that the District Court committed procedural error by ignoring § 5G1.3(d) of the Sentencing Guidelines, which provides that "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." As discussed, there is no "prior undischarged term of imprisonment" to which this provision of the Sentencing Guidelines would apply.